## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PETER STROJNIK,**

      **Plaintiff,**

**v.**                                  **Case No.: 1:20-CV-1003**

**HOTEL PARQ MANAGEMENT CO LLC**
**dba HOTEL PARQ CENTRAL,**

      **Defendant.**

## NOTICE OF REMOVAL

Hotel Parq Management Co., LLC, d/b/a Hotel Parq Central (hereinafter "Hotel Parq"), by and through its undersigned counsel of record, CHAPMAN AND PRIEST, P.C. (Donna L. Chapman and Nicholas J. Rimmer), and hereby removes this action from the Second Judicial District, Bernalillo County, New Mexico, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  As grounds for the relief requested herein, Hotel Parq states as follows.

1.    Plaintiff Peter Strojnik ("Plaintiff") filed his Complaint in the Second Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-202-CV-2020-03871 (hereinafter "State Court Action") on July 2, 2020.  (See Plaintiff's Complaint, attached as **Exhibit A**).

2.    Plaintiff named Hotel Parq as the only Defendant in Plaintiff's Complaint.

3.    Hotel Parq is a New Mexico Domestic Limited Liability Company with a registered agent in Santa Fe, New Mexico.

4.     The Complaint alleges that Plaintiff visited Hotel Parq's property on his way from Albuquerque, New Mexico to Santa Fe, New Mexico, and reviewed on-line information about the property's features and ability to accommodate individuals with disabilities.  Plaintiff alleges that he stayed at the hotel on May 23, 2020, inspected the property, and found it was not accessible to him.  Plaintiff filed suit against Hotel Parq for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq., the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -26 (1953, as amended through 2003), and common law negligence.

5.     Hotel Parq accepted service of the Summons and Complaint on July 22, 2020.  See **Exhibit B**.

6.     A defendant may remove any civil action brought in a state court for which the District Courts of the United Sate have original jurisdiction to the federal district court encompassing the place in which the action is pending.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this case by reason of a federal question, because Plaintiff's claims are brought under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq.

7.     Pursuant to 28 U.S.C. § 1367, the United States District Court of New Mexico has supplement jurisdiction over Plaintiff's state law based Unfair Practices Act (UPA) and negligence causes of action.  Furthermore, through limited discovery, Hotel Parq has determined that the aforementioned claims for UPA and negligence are entirely derivative of the Plaintiff's ADA claims and are plead exclusively to invoke controversy over the application of federal law.  *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313, 125 S. Ct. 2363, 162 L.Ed. 2d 257 (2005) ("The Court noted, from the first, it

has only asserted federal-question jurisdiction over those state-law claims that "really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'"), quoting *Shulthis v. McDougal*, 225 U.S. 561, 569, 32 S. Ct. 704, 56 L. Ed. 1205 (1912).

8.   This case may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), et seq.

9.   Defendant has complied with the procedural requirements for removal set forth in 28 U.S.C. § 1446.

10.   The United States District Court, District of New Mexico, encompasses the Second Judicial District Court, Bernalillo County, New Mexico, the county in which the state-court action is now pending, and thus is the proper venue to which to remove this action pursuant to 28 U.S.C. §1441(a).

11.   Plaintiff's Complaint names only one defendant, for which reason no further service of process is anticipated.

12.   Pursuant to 28 U.S.C. § 1446(d), promptly upon filing this Notice of Removal, Hotel Parq will provide written notice of this Notice of Removal to Plaintiff Pro Se Peter Strojnik, and file a copy of this Notice with the Clerk of the Second Judicial District Court, Bernalillo County, New Mexico.

13.   Pursuant to D.N.M.LR-Civ. 81.1(a), all pleadings and orders from the state-court action will be filed with this Court within twenty-eight days (28) of this Notice of Removal.

14.   A Civil Cover Sheet for this Court is hereto attached as **Exhibit C**.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Second Judicial District, Bernalillo County, State of New Mexico, as Cause No. D-202-CV-2020-02371 is removed to this Court.

Respectfully submitted,

**CHAPMAN AND PRIEST, P.C.**

*/s/ Nicholas J. Rimmer*
Donna L. Chapman
Nicholas J. Rimmer
P.O. Box 92438
Albuquerque, NM 87199
Tel: (505) 242-6000
donna@cplawnm.com
nicholasrimmer@cplawnm.com
*Attorneys for Defendant Hotel Parq Management Co LLC d/b/a Hotel Parq Central*

I HEREBY CERTIFY that on the 1st day of October, 2020, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, served U.S. Mail, and electronic mail, as more fully reflected on the Notice of Electronic Filing:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
Tel: (602) 524-6602
ps@strojnik.com
*Pro Se*

*/s/ Nicholas J. Rimmer*
Nicholas J. Rimmer

FILED IN MY OFFICE
2ND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
CLERK OF THE COURT
7/2/2020 9:48 AM
LUKE TESSMAN

1  Peter Strojnik,
2  7847 N. Central Avenue
   Phoenix, Arizona 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4

5

6  ### IN THE STATE OF NEW MEXICO
   ### 2ND JUDICIAL DISTRICT BERNALILLO COUNTY

7                                    Case No:  CV 2020 0 3 8 7 1
8
   PETER STROJNIK,                        COMPLAINT
9                          Plaintiff,

10
                  vs.
11
   HOTEL PARQ MANAGEMENT CO LLC
12 dba HOTEL PARQ CENTRAL,
13
                          Defendant.
14

15

16 1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42

17    U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department

18    of Justice Standards for Accessible Design ("ADAAG"), (2) New Mexico's Unfair

19    Trade Practices Act and (3) common law of negligence and/or negligence per se.

                                   PARTIES
20
   2. Plaintiff Peter Strojnik is an immigrant, a disabled veteran and a senior citizen.
21
   3. At all times relevant hereto, Plaintiff suffered from the following physical disabilities:
22
      prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural
23
      foraminal stenosis with symptoms of femoral neuropathy, missing right knee
24
      ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and
25
      wrists, pleurisy, hyper blood pressure.
26
   4. Plaintiff's physical infirmities alleged above do both of the following:
27

28                                              **Exhibit A**

      a.  Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

      b.  Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

5.  Plaintiff has a history of impairments stated in the preceding paragraph.

6.  Plaintiff is regarded as having a physical conditions that limit major life activities.

7.  Because of Plaintiff's disabilities, he requires the use of facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36 and the 2010 Standards for Accessibility Design as these laws, standards and regulations relate to Plaintiff walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

8.  Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

9.  The effect of Plaintiff's impairments on major life activities and, consequently, on the personal encounters with accessibility barriers at Defendant's Hotel, must be considered in their mitigated, unmitigated, active, inactive, remissive or non-remissive states. 2008 ADAAA and 28 C.F.R. 36.105.

10. Defendant owns, operates, leases, or leases to a lodging business located at 806 Central Ave. SE, Albuquerque, NM 87102 ("Hotel").

11. On or about May 23, 2020, Plaintiff travelled from his home to Albuquerque on the way to Santa Fe.

12. Prior to traveling to Albuquerque, Plaintiff reviewed numerous hotels' booking websites to help him determine which identified and described accessibility features in the hotel and the guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the given hotel or guest room met his accessibility needs.

13. Plaintiff reviewed the booking website for Defendant and discovered the following 28 C.F.R. 36.302(e)(1)(ii) identifications and disclosures:

| BOOKING WEBSITES –ACCESSIBILITY INFORMATION https://www.hotelparqcentral.com/ |
| --- |
| **NO ACCESSIBILITY INFORMATION** |

**Amenities Include:**
- High-speed wireless Internet access throughout the hotel
- Guests park on-site for free
- Upscale continental breakfast each morning
- Complimentary coffee and tea bar on each floor
- Business center
- Pet-friendly rooms*
- Meeting/event rooms
- Fitness center
- Beautifully landscaped grounds
- Jetted hot tub
- Nearby park
- *Pet fee of $75 for one pet and $100 for two pets will be charged per stay

**Services Include:**
- On-site therapy room and massage service
- Complimentary luxury SUV transportation within a three-mile radius (based upon availability)
- Coin-operated guest laundry facility
- Same-day dry cleaning service

CHECK RA

**Identification of Specific Barrier in Plain Language:** Booking website fails to provide information required by 28 CFR §36.302(e)(1)(ii).

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

**WEBSITE REPRESENTATIONS**

 

14. Plaintiff lodged at Defendant's Hotel on May 23, 2020.

15. Upon review of the Hotel's accessibility, Plaintiff noted that the Hotel was not compliant with the ADA and implementing regulations, 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

16. Plaintiff subsequently documented that the parking space was in violation of the ADA:

**PERSONAL ENCOUNTERS WITH BARRIERS**



Identification.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14



No landings on ramp.

15
16
17
18
19
20
21
22
23
24
25
26
27



No handrails – improperly configured handrails.

28

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible route with no signage to accesible route.



Improperly configured handrails.

6



No marked passenger loading zone.

Passenger loading zone visually too steep.



More than 5 lbs to open lobby bathroom door.

4s closing time to accessible room door.

**Improper door to room hardware – twisting action.**



**Spray unit hose interference with water controller.**



No shut off valve on spray unit.



Shower spray water over 120F



**Flush Control on wrong side.**

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

17. Above documented inaccessible elements and routes directly interfere with Plaintiff's performance of major life activities including walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities in a manner that deprive Plaintiff of full and equal enjoyment of the Hotel.

### COUNT ONE
#### Violation of Plaintiff's Civil Rights under the ADA

18. Plaintiff realleges all allegations heretofore set forth.

19. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted as alleged above.

11

20. Plaintiff visited Defendant's booking website and Defendant's Hotel and personally encountered ADA violations documented above.

21. The ADA violations described above relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

22. Plaintiff is deterred from conducting further business with the Hotel until the Hotel has become fully compliant with the ADA.

23. The removal of accessibility barriers listed above is readily achievable.

24. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

25. The issuance of injunctive relief will resolve, in part, Plaintiff's ADA claim.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

<u>COUNT II</u>
**(Violation of the New Mexico's Unfair Practices Act §§57-12-1 *et seq*)**

26. Plaintiff realleges all allegations heretofore set forth.

27. New Mexico's Unfair Practices Act ("UPA") prohibits the use of unfair or deceptive trade practices defined, in part, as follows:

57-12-2 Definitions:

D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes:

   (1) representing goods or services as those of another when the goods or services are not the goods or services of another;

   (2) causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

   (3) causing confusion or misunderstanding as to affiliation, connection or association with or certification by another;

***

   (7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

***

   (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive.

28. Defendant represents that its lodging services are of particular standard, to wit, a four diamond according to AAA, Rating of Excellent by TripAdvisor and AAA's Inspector's Best of Housekeeping:



29. Defendant's representations creates the impression that any guest visiting Defendant's Hotel will be greeted with exceptional and excellent lodging facilities.

30. Defendant's representation does not, however, also state that mobility impaired guests will be met with an inaccessible public accommodation the true rating of which is or should be, for a mobility impaired person, less than four diamonds quality and less than excellent, and more like a one diamond quality and barely adequate.

31. Defendant's statement that it meets the four diamond AAA standard and the "excellent" Tripadvisor standard are false and fraudulent as applicable to disabled individuals.

32. Defendant's statement that it meets the four diamond AAA standard and the "excellent" Tripadvisor standard raise the innuendo that it applies to all guests, not just fully abled guests, and thus creates a false and fraudulent impression.

33. Plintiff has been damaged by Defendant's violation of the UPA in an amount to be proven at trial, but in no event less than $25,000.00.

34. Defendant's lack of recognition of the rights of the disabled displayed in its marketing website, and its treatment of disabled individuals as fully bodies, is socially reprehensible and displays Defendant's ableism and segregationism.

35. Defendant's conduct alleged in this Count and elsewhere in thie Complaint is reprehensible and requires a strong deterrent action in the form of punitive damages[1].

WHEREFORE, Plaintiff prays for relief pursuant to 57-12-10 as follows:

A. Injunctive relief requiring Defendant to remediate its unfair and discriminatory practices; and

B. For damages in an amount to be proven at trial, but in no event less than $35,000.00; and

---

[1] *Bogle v. Summit Inv. Co.*, 137 N.M. 80, 107 P.3d 520 (N.M. App. 2005). These objectives are of critical importance in the ADA context where Plaintiffs have no monetary recourse other than the imposition of equitable nominal damages under the ADA and where compensatory damages may be *de minimis* or difficult to quantify under negligence law. *Akins v. United Steel Workers, AFL-CIO, CLC Local 187*, 148 NM. 442, 237 P.3d 744 (NM 2010). *See also Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) ("Indeed, if the defendant's conduct otherwise warrants punitive liability, the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages." (citing 1 Dan B. Dobbs, Law of Remedies § 3.11(10), at 515-16 (2d ed. 1993))). The present case is illustrative where a compensatory award against the Hotel may be de minimis or difficult to quantify. *Compare* with *Akins*, "The present case is illustrative; a compensatory award against the Union of a mere $1,661 would hardly deter similar outrageous conduct against other Union members in the future."

14

1

2

3

   C.  For punitive damages in an amount commensurate with Defendant's reprehensible conduct and the need for deterrence of similar conduct by others, but in no event less than $50,000.00; and

4

   D.  For costs and attorney's fees; and

5

   E.  For leave to amend this Complaint to add class action allegations; and

6

   F.  For such other and further relief as the Court may deem just and proper.

7

## COUNT III
### Negligence

8

9

36. Plaintiff realleges all allegations heretofore set forth.

10

37. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff

11

as a disabled individual would have full and equal access to the public

12

accommodation.

13

38. Defendant breached this duty.

14

39. Defendant is or should be aware that, historically, society has tended to isolate and

15

segregate individuals with disabilities, and, despite some improvements, such forms

16

of discrimination against individuals with disabilities continue to be a serious and

17

pervasive social problem[2].

18

40. Defendant knowingly and intentionally participated in this historical discrimination

against Plaintiff, causing Plaintiff damage.

19

41. Discrimination against individuals with disabilities persists in the use and enjoyment

20

of critical public accommodations[3].

21

42. Defendant's knowing and intentional persistence in discrimination against Plaintiff

22

and similarly situated persons caused Plaintiff damage by preventing him from

23

lodging at Defendant's Hotel.

24

43. Individuals with disabilities, including Plaintiff, continually encounter various forms

25

of discrimination, including outright intentional exclusion, the discriminatory effects

26

of architectural, overprotective rules and policies, failure to make modifications to

27

28

---

[2] 42 U.S.C. §12101(a)(2)
[3] 42 U.S.C. §12101(a)(3)

15

existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

44. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

45. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

46. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

47. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

48. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

49. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

50. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

51. Plaintiff has been damaged by Defendant's negligence in an amount to be proven at trial, but in no event less than $35,000.00.

52. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the

---

[4] 42 U.S.C. §12101(a)(5)
[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)
[7] 42 U.S.C. §12101(a)(8)

pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

53. According to New Mexico common law, punitive damages serve two important policy objectives under our state common law: to punish reprehensible conduct and to deter similar conduct in the future.

54. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

55. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

56. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

57. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $50,000.00.

WHEREFORE, Plaintiff prays for relief as follows:

    A. For finding of negligence and/or negligence per se; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 29th day of June, 2020

**PETER STROJNIK**

Plaintiff

7847 N. Central Avenue

Phoenix, AZ 85020

602-524-6602

18

**AFFIDAVIT OF SERVICE**

Court: **STATE OF NEW MEXICO, COUNTY OF BERNALILLO, SECOND JUDICIAL DISTRICT COURT**

Case No.: **CV 2020 03871**

Plaintiff: **Peter Strojnik**
vs.
Defendant: **Hotel Parq Management Co LLC dba Hotel Parq Central**

I, _Jeff Bowers_____, being duly sworn on oath, depose and say the following:

I am over the age of 18, not a party to this action, and an employee/agent of Elite Process Serving and Investigations, Inc., a licensed private detective agency, license number 117-001199. I further acknowledge that I am authorized to effectuate service of process in the State of _New Mexico_.

Type of Process: **Summons, Complaint and Arbitration Certification**

Defendant to be served: **Hotel Parq Management Co LLC dba Hotel Parq Central, c/o Ralph H. Scheuer**

Address where attempted or served: **123 E. Marcy Street, Suite 101, Santa Fe, NM 87501**

On _7/22/2020_ at _2:05 PM_ I ☒ Served ( ) Non-served the within named defendant in the following manner:

☐ INDIVIDUAL SERVICE: By delivering a copy of this process to the within named Defendant personally.

☒ CORPORATE SERVICE: By leaving a copy of this process with _Carla Hensen_
(Title) _manager_____, a person authorized to accept service and informed the person of the contents thereof.

☐ SUBSTITUTE SERVICE: By leaving a copy of this process at his/her usual place of abode with
_____ (Relationship)_____, a person residing therein who is the age of 13 years or upwards and informed that person of the contents thereof and that further mailed a copy of this process in a sealed envelope with postage paid addressed to the defendant at his/her usual place of abode on _____, 2020.

☐ NON SERVICE: I have been unable to effect service because of the following reason(s):
_____
_____

Description of person process was left with:

Sex: _F_  Race: _White_  Hair: _Blond_  Approx. Age: _48_  Height: _5'7_  Weight: _180_

Comments: _____

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true.

FURTHER AFFIANT SAYETH NOT.

State of _New Mexico_

County of _Santa Fe_

Subscribed and Sworn to before me on this
_22_ day of _July_, 20_20_

_____
Signature of Notary Public

x _Jeff Bowers_
_Jeff Bowers_
(Print Name)
_4/4/21_

OFFICIAL SEAL
Starr M. Bowers
Notary Public
State of New Mexico
My Commission Expires:_____

Job: 545415
File:

**Exhibit B**

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Peter Strojnik | Hotel Parq Management Co LLC d/b/a Hotel Parq Central |

| (b)  County of Residence of First Listed Plaintiff   Maricopa County, AZ | County of Residence of First Listed Defendant   Bernalillo County, NM |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Peter Strojnik, Plaintiff Pro Se | Donna L. Chapman and Nicholas J. Rimmer (505) 242-6000 |
| 7847 N. Central Avenue | Chapman and Priest, P.C. |
| Phoenix, AZ 85020 Tel: 602-524-6602 | P.O. Box 92438 Albuquerque, NM 87199 |

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☒ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                  and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | Act | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 720 Labor/Management | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | | Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | | ☐ 740 Railway Labor Act | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | | ☐ 751 Family and Medical | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | | Leave Act | Act |
| | Medical Malpractice | | | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 791 Employee Retirement | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | Income Security Act | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | |
| | Employment | **Other:** | **IMMIGRATION** | 26 USC 7609 | |
| | ☒ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | Actions | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
     Proceeding

☒ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation

**Exhibit C**

### VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1331

Brief description of cause:
Plaintiff's alleges ADA violations at Albuquerque hotel

### VII. REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
    UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
85,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  Beatrice J. Brickhouse

DOCKET NUMBER  D-202-CV-2020-03871

DATE
10/01/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nicholas J. Rimmer

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.