# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PETER STROJNIK,

    Plaintiff,

v.

ALBUQUERQUE BOCA HOTEL, LP
D/B/A CROWNE PLAZA
ALBUQUERQUE,

    Defendant.

No. 1:20-cv-00843-WJ-GBW
No. 1:20-cv-00875- WJ-GBW
No. 1:20-cv-00938- WJ-GBW
No. 1:20-cv-00940- WJ-GBW
No. 1:20-cv-00998- WJ-GBW
No. 1:20-cv-01003-WJ-GBW
No. 1:20-cv-01034-WJ-GBW
Consolidated

## **MEMORANDUM OPINION AND ORDER GRANTING MOTION TO REMAND**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand, Doc. 35, filed October 15, 2020.

Plaintiff asks the Court to remand consolidated case *Strojnik v. Hotel Parq Management Co. LLC*, No. 1:20-cv-01003-WJ-GBW, for untimely removal. Plaintiff filed his case in state court on July 2, 2020. Defendant Hotel Parq accepted service of the summons and Complaint on July 22, 2020. *See* Notice of Removal ¶ 5 at 2, Doc. 1, filed October 1, 2020, in *Strojnik v. Hotel Parq Management Co. LLC*, No. 1:20-cv-01003-WJ-GBW. Defendant Hotel Parq's Notice of Removal was due on August 21, 2020. *See* 28 US.C. § 1446(b) ("The notice of removal of a civil action … shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"). Defendant Hotel Parq did not file its Notice of Removal until October 1, 2020. *See* Notice of Removal, Doc. 1, filed October 1, 2020, in *Strojnik v. Hotel Parq Management Co. LLC*, No. 1:20-cv-01003-WJ-GB.

In its Response opposing the Motion to Remand, Defendant Hotel Parq states:

> This matter was removed based the Court's original jurisdiction over the ADA. On its face, Hotel Parq was unable to determine if Plaintiff's Complaint was based on the ADA. As such, Hotel Parq made a good faith effort to investigate the nature of the claims. Once Mr. Strojnik's initial discovery responses were received, Hotel Parq removed the matter to federal court, as it was clear from the information provided that all allegations in the Complaint are derivative of the ADA.

Response at 2-3, Doc. 46, filed October 29, 2020.

Defendant Hotel Parq's assertion that it "was unable to determine if Plaintiff's Complaint was based on the ADA" is not persuasive. The first sentence of the Complaint states: "Plaintiff brings this action pursuant to the (1) Americans with Disabilities act, 42 U.S.C. § 12101 *et. seq.*" Notice of Removal at 5 (copy of Complaint attached to Notice of Removal). Count One of the Complaint, "Violation of Plaintiff's Civil Rights Under the ADA," references "ADA violations," cites the ADA, and refers to "Plaintiff's ADA claim." Notice of Removal at 15-16.

The Court grants Plaintiff's Motion to Remand *Strojnik v. Hotel Parq Management Co. LLC*, No. 1:20-cv-01003-WJ-GBW. Defendant Hotel Parq does not dispute that its removal was untimely. The statute governing the procedure for removal of civil actions states the notice of removal "shall be filed within 30 days" after service of the pleading. "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982). Defendant Hotel Parq did not file its Notice of Removal within 30 days of being served with the Complaint.

Defendant Hotel Parq's Response includes a "Cross-Motion for Enjoinder Under 28 U.S.C. § 1651(a) which states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Defendant Hotel Parq argues that the Court has the power to "regulate the activities of abusive litigants by imposing carefully tailored restrictions," "including the denial of remand, based on his activities as a vexatious litigant," and asks the Court

to deny Plaintiff's Motion to Remand.  Response at 5-8 (describing Plaintiff's alleged vexatious activities in Arizona).

The Court denies Defendant Hotel Parq's Cross-Motion for Enjoinder Under 28 U.S.C. § 1651(a).  Defendant Hotel Parq filed a copy of Plaintiff's Consent to Disbarment from the State Bar of Arizona, asserts that Plaintiff "filed thousands of lawsuits against small businesses alleging minor violations of ADA," states "the Arizona Attorney General intervened in the case for the purpose of declaring Mr. Strojnik a vexatious litigant," and notes that "[b]oth federal and state courts have referred to Mr. Strojnik as 'extortionate' and ethically suspect….'" The Court considers the information about Plaintiff's disbarment in Arizona and his abusive litigation history to be disturbing; however, before filing restrictions could be imposed against Plaintiff as requested in Defendant Hotel Parq's Cross-Motion for Enjoinder, this Court would have to provide Plaintiff notice of its intent to impose restrictions by denying remand based on his litigation history, and the Court would have to afford Plaintiff an opportunity to oppose the  proposed filing restrictions before they are imposed.  *See Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (describing the procedure for imposing restrictions and stating a party "is entitled to notice and an opportunity to oppose the court's order before it is instituted").  Since removal by Defendant Hotel Parq was not timely, this case is being remanded back to state court where Defendant Hotel Parq can raise the matters in its Cross-Motion for Enjoinder before the presiding judge in state court.

**IT IS ORDERED** that Plaintiff's Motion to Remand, Doc. 35, filed October 15, 2020, is **GRANTED.**  *Strojnik v. Hotel Parq Management Co. LLC*, No. 1:20-cv-01003-WJ-GBW, is **REMANDED** to the 2nd Judicial District Court, Bernalillo County, New Mexico.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE